UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| WILLIAM BLEVINS, JR., #194169, ) | |
| ) | |
| Plaintiff, ) | Case No. 5:04-cv-30 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| PATRICIA CARUSO, et al., ) | |
| ) | **MEMORANDUM OPINION** |
| Defendant. ) | |
| _____) | |

This was a civil rights action brought by a state prisoner pursuant to 42 U.S.C. §1983. On June 20, 2005, the court entered judgment in favor of defendants. (docket # 66). Defendants Armstrong, Back, Burt, Davis, Ellis, Fecteau, LaVigne, MacLane, McMillan, Metrish, Phillips, Rairigh, Sibbald, Wilson and Young filed a timely motion to tax costs in the amount of $47.75. (docket # 67). On June 30, 2005, the court issued an order directing plaintiff to file a response to defendants' motion on or before July 21, 2005. (docket # 71). On August 15, 2005, the court entered an order granting plaintiff until August 22, 2005 to file his response to the defendants' motion. (docket # 76). On August 19, 2005, plaintiff filed a Rule 60(b)(2) motion for relief from judgment. The court has addressed plaintiff's motion for relief from judgment in a separate memorandum opinion and order. On page 14 plaintiff's motion for relief from judgment (docket # 78 at 14), plaintiff argues that defendants' motion to tax costs should be denied because defendants were not prevailing parties. Plaintiff's argument is meritless. The moving defendants are prevailing parties, the court having entered judgment in their favor on all plaintiff's claims against them.

Generally, costs other than attorney's fees are allowed as a matter of course to the prevailing party unless the court otherwise directs. FED. R. CIV. P. 54(d). This language creates a presumption in favor of awarding costs. *See Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir. 1999). In its discretion, the court does not find that any relevant factor weighs sufficiently in plaintiff's favor to provide a basis for disturbing the presumption in favor of awarding costs. *See Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001). Defendants' motion is supported by verification that each item of cost or disbursement was correct and had been necessarily incurred in this action and that the services for which fees had been charged were actually and necessarily performed. Plaintiff has not objected to the reasonableness or appropriateness of any cost item sought by defendants. The court finds that the costs sought by defendants are authorized by statute and are reasonable in nature and amount. Costs in the amount of $47.75 are therefore approved. Judgment will be entered in defendants' favor in that amount.

Plaintiff filed his complaint on February 19, 2004, years after the effective date of the Prison Litigation Reform Act ("PLRA"). All costs incurred by defendants were incurred after the effective date of the PLRA. The PLRA establishes a statutory formula for periodic payment of costs taxed against prisoner litigants. 28 U.S.C. §§ 1915 (b)(2), (f)(2)(B). Under the PLRA, plaintiff is required to make an initial payment of costs equal to twenty-percent of the greater of (a) the average monthly deposits to his prison account, or (b) the average monthly balance in his account over a six-month period. 28 U.S.C. § 1915(f)(2)(B). Plaintiff's certificate establishing prisoner account activity (docket # 72) shows an average monthly account deposit of $124.97, and twenty percent of that is $24.99. Therefore, $24.99 is immediately payable by plaintiff to the Michigan Attorney General's Office. The remaining $22.76 is to be paid by plaintiff to the Michigan Attorney General's

Office by withdrawing twenty-percent of the monthly income credited to plaintiff's account until paid in full.  28 U.S.C. § 1915(b).

The Michigan Department of Corrections is not required to immediately forward withdrawn funds totaling less than $10.00 to the State Attorney General's Office, but must take steps to make sure that the total amount withdrawn does not exceed the $47.75 in costs awarded against plaintiff.  28 U.S.C. § 1915(f)(2)(C).


Date:   September 8, 2005              /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       CHIEF UNITED STATES DISTRICT  JUDGE