UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| WILLIAM BLEVINS, JR. #194169, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PATRICIA CARUSO, et al., )<br>)<br>Defendants. )<br>_____) | Case No. 5:04-cv-30<br><br>Honorable Robert Holmes Bell<br><br>**MEMORANDUM OPINION** |

This was a civil rights action brought by a state prisoner pursuant to 42 U.S.C. §1983. The matter is now before the court on plaintiff's Rule 60(b)(2) motion seeking relief from the court's June 20, 2005 judgment on the basis of "newly discovered evidence." (docket # 78). Upon review, the court finds no basis upon which to disturb its judgment.

Plaintiff's complaint sought monetary damages against nineteen defendants employed at various Michigan prisons and elsewhere in the State's Department of Corrections on the basis of instances where plaintiff claimed that his legal mail had been opened outside his presence pursuant to a revised MDOC mail-handling policy adopted in the wake of the September 11, 2001 terrorist attacks and the roughly contemporaneous anthrax attacks through the Unites States mail. The revised MDOC policy, consistent with recommendations from the Centers for Disease Control, required that all incoming prisoner mail be opened in a single location. Plaintiff sought monetary damages against defendants and injunctive relief against continued application of the revised policy.

On March 18, 2005, the court issued a 56-page opinion examining in detail the circumstances under which the revised MDOC policy had been adopted, tracing the evolution of the case law in the United States Court of Appeals for the Sixth Circuit regarding a prisoner's right to have "legal mail" opened only in the prisoner's presence, and examining each instance where plaintiff claimed that a defendant had unconstitutionally opened plaintiff's legal mail outside his presence. The March 18, 2005 order granted in part and denied in part defendants' motion for summary judgment. The court denied the motion with regard to plaintiff's claim for prospective injunctive relief against Patricia Caruso, Director of the Michigan Department of Corrections in her official capacity, and ordered her to file a brief and evidence within 60 days addressing the factors established by the Supreme Court in *Turner v. Safley*, 482 U.S. 78 (1987). Director Caruso was the only named defendant with the power to change the challenged MDOC policy. The court granted defendants' motion in all other respects because defendants were entitled to qualified immunity on plaintiff's claims for monetary damages against defendants in their individual capacities, Eleventh Amendment immunity barred plaintiff's claims for monetary damages against defendants in their official capacities, and plaintiff's claims for injunctive relief against defendants employed at prisons other than his current place of incarceration were moot. On June 20, 2005, the court entered its judgment (docket # 66), after finding that plaintiff's only remaining claim, his request for prospective injunctive relief against Director Caruso, had been rendered moot because MDOC had changed the challenged policy after being ordered to do so by Judge Richard Alan Enslen in an injunction entered on April 15, 2005 in the case of *Mallory-Bey v. Michigan Department of Corrections, et al.*, 1:04-cv-137 (W.D. Mich. 2005).

Plaintiff argues that he is somehow entitled to relief from the judgment under Rule 60(b)(2) of the Federal Rules of Civil Procedure because he lacked notice of a February 7, 2005 report and recommendation made by a magistrate judge of this court in the *Mallory-Bey* case. Plaintiff's argument is meritless. Rule 60(b)(2) allows relief on the basis of newly discovered evidence. A report and recommendation is not "evidence." It is merely a proposed disposition of a matter before the court and has no binding force unless and until adopted. When the court issued its lengthy March 18, 2005 opinion, it was aware of the magistrate judge's report and recommendation in *Mallory-Bey* and the then-unresolved objections to it. The court took the report and recommendation, the objections, and all the other facts and legal authorities set forth in the March 8, 2005 opinion into account when it granted defendants' motion in part, but denied the motion as to Director Caruso on plaintiff's official capacity claim for prospective injunctive relief, and ordered Director Caruso to present evidence and argument regarding whether the revised policy, adopted on an emergency basis in 2001, was unconstitutional in 2005 under the *Turner v. Safley* analysis.

*Mallory-Bey* was a different and far simpler case. It did not involve any claims for monetary damages. Thus, it was unnecessary for the magistrate judge to address qualified immunity issues. The magistrate judge's report and recommendation recommended prospective injunctive relief against a prison mailroom employee in her official capacity, and it recommended that MDOC be enjoined from continued application of its revised policy. The recommendation was somewhat lacking in focus on the parties before the court. The mailroom employee had no power to change MDOC policy. There were multiple and more serious problems when it came to the relief the magistrate judge recommended against MDOC. The MDOC had been dismissed as a defendant early in the *Mallory-Bey* case because plaintiff had not exhausted his administrative remedies

against it as required by 42 U.S.C. § 1997e(a). Ordinarily, where relief is recommended against a previously dismissed defendant, the court would assume that the magistrate judge had implicitly relied on the district court's power to revisit any of its orders prior to the entry of a final judgment. In *Mallory-Bey*, however, the doctrine could not possibly solve the problems with the relief recommended. States and their departments are not "persons" within the meaning of 42 U.S.C. § 1983, *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989), and any claim against the MDOC was barred by Eleventh Amendment immunity because, absent consent, the Eleventh Amendment bars any suit against the state or its agencies regardless of the form of relief requested. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984); *Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir.), *cert. denied*, 125 S. Ct. 157 (2004). Plaintiff's arguments based on the *Mallory-Bey* report and recommendation do not provide any basis for disturbing the court's judgment.

## Conclusion

For the reasons set forth herein, plaintiff's motion for relief from judgment will be denied.

Date:   September 8, 2005          /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE